# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY HOLT, | CASE NO. 11-cv-1502 – IEG (CAB) |
| Plaintiff, | ORDER: |
| vs. | (1) GRANTING MOTION FOR LEAVE TO FILE SUPPLEMENTAL COMPLAINT [Doc. No. 16]; and |
| MacARTHUR, Registered Nurse; CALDERON, Registered Nurse; STEWART, Registered Nurse; HUNT, Medical Doctor; SEDEGHI, Medical Doctor also known as Sedighi; SEELY, Medical Doctor; CANLAS, Medical Doctor; and UNKNOWN DOCTORS AND CHIEF MEDICAL OFFICER (CMO) making up Medical Committee, to be named later, upon discovery, | (2) DIRECTING U.S. MARSHAL TO EFFECT SERVICE OF COMPLAINT and SUPPLEMENTAL COMPLAINT PURSUANT TO 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). |
| Defendants. | |

Currently before the Court is Plaintiff's Motion for Leave to File Supplemental Complaint. [Doc. No. 16.] Rule 15(d) of Federal Rules of Civil Procedure provides that "[o]n motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." In this case, Plaintiff wishes to supplement his complaint with allegations of events that occurred after he filed his complaint and that demonstrate a continuing violation of his

civil rights. Plaintiff also alleges that he is now under the care of a new and different doctor, who is also being deliberately indifferent to Plaintiff's serious medical needs. Accordingly, Plaintiff wishes to add this new doctor as a defendant. Finding GOOD CAUSE, the Court **GRANTS** Plaintiff's motion to supplement his complaint. *See* Fed. R. Civ. P. 15(d).

The Court previously granted Plaintiff leave to proceed *in forma pauperis* ("IFP"). [*See* Doc. No. 4.] The Prison Litigation Reform Act ("PLRA") obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2), 1915A. Under these provisions of the PLRA, the Court must *sua sponte* dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B), 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

As currently pleaded, the Court finds Plaintiff's allegations in the Supplemental Complaint sufficient to survive the *sua sponte* screening required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b).[1] *See Lopez*, 203 F.3d at 1126-27. Accordingly, the Court finds that Plaintiff is entitled to U.S. Marshal service on his behalf as to the newly added Defendant Doctor Akbari. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

## CONCLUSION

Good cause appearing therefor, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Leave to File Supplemental Complaint is **GRANTED**. [Doc. No. 16.] The Clerk of Court is directed to file Plaintiff's Supplemental Complaint, attached to Plaintiff's current motion, on the docket.

2. The Clerk shall issue a summons as to Plaintiff's Complaint, [Doc. No. 1],

---

[1] Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12[] motion that [a] defendant may choose to bring." *See Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

1 and Supplemental Complaint upon Defendant Akbari and shall forward it to Plaintiff along
2 with a blank U.S. Marshal Form 285.  In addition, the Clerk shall provide Plaintiff with a
3 certified copy of this Order and a certified copy of his Complaint, Supplemental Complaint,
4 and summons so that he may serve Defendant Akbari.  Upon receipt of this "IFP Package,"
5 Plaintiff is directed to complete the Form 285s as completely and accurately as possible,
6 and to return them to the United States Marshal according to the instructions provided by
7 the Clerk in the letter accompanying his IFP package.  Upon receipt, the U.S. Marshal shall
8 serve a copy of the Complaint, Supplemental Complaint, and summons upon Defendant
9 Akbari as directed by Plaintiff on the USM Form 285s.  All costs of service shall be
10 advanced by the United States.  *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

11       6.      Defendant Akbari is thereafter **ORDERED** to reply to Plaintiff's Complaint
12 and Supplemental Complaint within the time provided by the applicable provisions of
13 Federal Rule of Civil Procedure 12(a).  *See* 42 U.S.C. § 1997e(g)(2).  The remaining
14 Defendants are **ORDERED** to reply to Plaintiff's Supplemental Complaint within the time
15 remaining to reply to Plaintiff's original Complaint.

16       7.      Plaintiff is reminded that with the exception of the initial summons and
17 service of the complaint, he must serve upon the Defendants or, if appearance has been
18 entered by counsel, upon Defendants' counsel, a copy of every further pleading or other
19 document submitted for consideration of the Court.  **As such, with the exception of**
20 **Defendant Akbari, Plaintiff must serve upon the remaining Defendants or their**
21 **counsel a copy of the Supplemental Complaint.**  Plaintiff shall include with the original
22 paper to be filed with the Clerk of the Court a certificate stating the manner in which a true
23 and correct copy of any document was served on Defendants, or counsel for Defendants,
24 and the date of service.  Any paper received by the Court which has not been filed with the
25 Clerk or which fails to include a Certificate of Service will be disregarded.

26       **IT IS SO ORDERED.**
27       **Date:  November 7, 2011**
28       **IRMA E. GONZALEZ, Chief Judge**
      **United States District Court**