# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY HOLT,<br><br>         Plaintiff,<br>   vs.<br><br>MacARTHUR, Registered Nurse; CALDERON, Registered Nurse; STEWART, Registered Nurse; HUNT, Medical Doctor; SEDEGHI, Medical Doctor also known as Sedighi; SEELY, Medical Doctor; CANLAS, Medical Doctor; and UNKNOWN DOCTORS AND CHIEF MEDICAL OFFICER (CMO) making up Medical Committee, to be named later, upon discovery,<br><br>         Defendants. | CASE NO. 11-cv-1502 – IEG (CAB)<br><br>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION<br><br>[Doc. No. 19] |

Tracey Holt, a state prisoner proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against physicians and staff at the Richard J. Donovan Correctional Facility ("Donovan"), alleging deliberate indifference to his serious medical needs. Currently before the Court is Holt's motion for preliminary injunction. Having considered the parties' arguments, and for the reasons set forth below, the Court **DENIES** the motion.

## BACKGROUND

Holt alleges that he suffers from chronic back and hip pain. Prior to his arrival at Donovan on September 3, 2008, Holt alleges that he was receiving physical therapy twice a week and

Tramadol to control his pain.  Once at Donovan, the medical staff apparently took Holt off Tramadol, even though Holt told them that he needed it for his medical condition.  Instead, for the next three years, the medical staff prescribed him a series of different medications that apparently failed to effectively control his pain.[1]  Holt alleges that every time he complained and asked for Tramadol, he was told that the prison does not dispense it, to forget about it, that the "psyche" medication was "all he would get," and that if he did not like it, "he would just have to live with his condition."  According to Holt, he later found out that several prisoners at Donovan were receiving Tramadol as part of their pain management treatment.  Holt also alleges that at one point, Dr. Hunt considered, but ultimately rejected, prescribing physical therapy.

On June 3, 2010, Holt had an MRI done.  Holt saw a specialist, Dr. Alksne, on November 12, 2010.  According to Dr. Alksne, a review of Holt's MRI showed that he had mild spondylolisthesis of L5-S1.[2]  He noted that Holt's condition was apparently getting worse.  He recommended that Holt receive another MRI and CAT scan for his back, and that he be provided with Vicodin for the pain.  Holt alleges that he never received the Vicodin as recommended by the specialist.[3]  Moreover, the updated MRI and CAT scans were not performed until February 2011.  After the second MRI and CAT scans were performed, Holt was again seen by a specialist, Dr. Hardy, on May 31, 2011.  According to Holt, Dr. Hardy informed him that his MRI showed

---

[1] Specifically, on November 25, 2008, R.N. Calderon prescribed gabapentin, which Holt refers to as a "psyche" medication used to control seizures.  On May 21, 2009, when gabapentin proved ineffective, Dr. Silva prescribed a TENS UNIT and Celebrex for Holt.  A TENS UNIT is a small electrical device that delivers a small electrical current to the lower back.  Celebrex is allegedly another type of "psyche" medication.  On September 23, 2009, when Holt again complained that his medications were not helping him, Dr. Sedighi suggested that Holt try Lyrica, apparently another "psyche" medication.  On October 27, 2009, Holt saw Dr. Hunt, who took him of Lyrica and prescribed Elavil, another "psyche" medication.  When Holt saw Dr. Hunt again on February 5, 2010, Hunt re-prescribed Celebrex.  On April 1, 2010, an unknown doctor saw Holt and re-prescribed Elavil.  On February 7, 2011, Holt was seen by Dr. Canlas for his 602 inmate appeal regarding medical care.  Despite telling Dr. Canlas that "psyche" medications were not helping him, Holt alleges Dr. Canlas prescribed Trileptal, another "psyche" medication.  On March 11, 2011, Holt saw Dr. Seely, who prescribed Cymbalta, apparently another "psyche" medication.

[2] Spondylolisthesis is a condition in which a bone (vertebra) in the lower part of the spine slips out of the proper position onto the bone below it.  It may vary from mild to severe.  A person with spondylolisthesis may have no symptoms.  On the other hand, in severe circumstances, spondylolisthesis may cause lower back pain, stiffness, tenderness, and nerve damage.

[3] Holt's physicians allegedly refused to provide him with Vicodin because of the cost-cutting at the prison, as well as due to the concerns that it could end up on the prison's drug "market".

1  numerous fractures in two of his vertebra bones.  Dr. Hardy also noted that the MRI showed a
2  degenerative disk disease with grade 1 spondylolisthesis.  According to Dr. Hardy, Holt was a
3  candidate for reconstructive surgery, although he could opt for a conservative treatment if he
4  wished.  At that time, Holt indicated that he wanted to think about it for a week or so.  Holt saw
5  Dr. Seely three days later.  According to Holt, when he told Dr. Seely about his meeting with a
6  specialist and indicated that he wanted to go ahead with the surgery, Dr. Seely denied the request.
7  Rather, Dr. Seely prescribed Holt ten-days-worth of muscle relaxants.  Finally, on July 18, 2011,
8  after he already filed the present complaint, Holt was seen by Dr. Akbari.  Dr. Akbari allegedly
9  refused to follow the suggestions of the specialist and threatened to take Holt off his medications
10 and off his job if Holt continued to complain and continued with his legal action.

## II.   Procedural history

Holt filed the present complaint on July 6, 2011, and filed a supplemental complaint on October 27, 2011.  On November 4, 2011, Holt moved for a preliminary injunction, asking that the Court order that Holt be allowed to see a back specialist for a pain management plan and a plan for back surgery. [Doc. No. 19.]  Holt further asks that the Court order the prison medical staff to follow the directions of the specialist, unless they can demonstrate that those directions are unreasonable.  Moreover, Holt asks that he be provided with a back-specific foam mattress and physical therapy twice a week until the surgery is performed, at which time he asks that the Court order the prison medical staff to follow the post surgery treatment established by the specialist.

Defendants filed a response, and Holt replied.  [Doc. Nos. 35, 37.]  The Court took this matter under submission without oral argument pursuant to Civil Local Rule 7.1(d)(1).

## LEGAL STANDARD

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief" and is "never awarded as of right." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 22, 24 (2008).  Thus, "[a] plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Id.* at 20.  As long as all four *Winter* factors

are addressed, an injunction may issue where there are "'serious questions going to the merits'" and "a balance of hardships that tips sharply towards the plaintiff." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

## DISCUSSION

### I.     Likelihood of success on the merits

Pursuant to *Winter*, the moving party must demonstrate that he is "likely to succeed on the merits." 555 U.S. at 20. As long as the balance of hardships "tips sharply" in his favor, and other two *Winter* factors are satisfied, the moving party can meet his burden by showing that there are "serious questions going to the merits." *Alliance for the Wild Rockies*, 632 F.3d at 1135. In this case, Holt's complaint asserts a single cause of action—that the prison physicians and medical staff violated the Eighth Amendment by being deliberately indifferent to his serious medical needs. As discussed in more detail below, however, Holt has failed to show that he is "likely to succeed on the merits" or that there are "serious questions" raised as to this cause of action.

To establish an Eighth Amendment claim based on inadequate medical care, a prisoner needs to show: (1) a serious medical need and (2) deliberate indifference to that need by prison officials. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir. 1997) (en banc). "A 'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *Id.* (citation omitted). A prison official is deliberately indifferent if he knows that a prisoner "face[s] a substantial risk of serious harm" and "disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994).

In this case, even assuming Holt's back and hip pain constitutes a "serious medical need," at this time, he has failed to demonstrate even serious questions as to whether the prison officials' response to that pain was deliberately indifferent. Holt does not deny that the prison physicians and medical staff checked him out, ordered and performed MRI and CAT scans, and prescribed medications to control his pain. (*See* Pl. Motion for Prelim. Inj., at 8 [Doc. No. 19].) Rather, Holt takes issue with the *kind* of medication that he was prescribed. (*Id.*) He argues that because the

1  "psyche" medication have failed to relieve his pain, he should have been prescribed Tramadol or
2  some form of a narcotic (i.e., Vicodin). (*Id.* at 8-9.) At most, what Holt asserts is a difference in
3  opinion as to how his back and hip pain should have been treated, which does not establish
4  deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004); *Sanchez v.*
5  *Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

6  To succeed on his claim, Holt must demonstrate that "the course of treatment the doctors
7  chose was medically unacceptable under the circumstances," and that they "chose this course in
8  conscious disregard of an excessive risk to plaintiff's health." *See Jackson v. McIntosh*, 90 F.3d
9  330, 332 (9th Cir. 1996). At this time, there is nothing to indicate that the course of treatment that
10 the prison medical staff chose was "medically unacceptable" under the circumstances. *See id.* On
11 the contrary, Holt's own recitation of the events demonstrates that the prison medical staff have
12 been willing to accommodate Holt's multiple complaints that the drugs he was prescribed were not
13 working, by changing his prescribed medication at least six times, if not more.[4] (*See, e.g.*,
14 Complaint ¶¶ 20, 22, 27, 28, 33, 35, 52, 62 [Doc. No. 1].)

15 To the extent Holt alleges the physicians and medical staff were deliberately indifferent in
16 delaying his MRI and CAT scans, he has failed to show serious questions going to the merits
17 because delay alone does not demonstrate deliberate indifference. *See Shapley v. Nevada Bd. of*
18 *State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

19 Finally, to the extent Defendants disagreed with the specialist's recommendation that Holt
20 undergo a surgery, Holt failed to show deliberate indifference because he has failed to demonstrate
21 that their action "was medically unacceptable under the circumstances," or that Defendants did so
22 "in conscious disregard of an excessive risk to [Holt's] health." *See Jackson*, 90 F.3d at 332.
23 Even the specialist indicated that Holt could choose a more conservative treatment and *not*
24 undergo the surgery. (*See* Pl. Motion for Prelim. Inj., Ex. B-2). Accordingly, the decision to not
25 provide Holt with a surgery was at most a difference in medical opinion, which alone is not
26 sufficient to establish deliberate indifference. *See Toguchi*, 391 F.3d at 1058; *Sanchez*, 891 F.2d at

---

28 [4] Moreover, Holt failed to demonstrate that the physicians' denial of narcotic drugs such as Vicodin was unreasonable in light of the budget constraints and their concerns that the narcotic drugs would end up on the prison drug "market". *See Farmer*, 511 U.S. at 847.

242.

For the foregoing reasons, Holt has failed to demonstrate that he is "likely to succeed on the merits," *see Winter*, 555 U.S. at 20, or that "serious questions" are raised as to the merits of his Eighth Amendment cause of action, *see Alliance for Wild Rockies*, 632 F.3d at 1135.

## II.     Other factors

Because Holt cannot satisfy the first *Winter* factor—likelihood of success on the merits—the Court need not consider the three remaining *Winter* factors.  *See Doe v. Reed*, 586 F.3d 671, 681 n.14 (9th Cir. 2009).

## CONCLUSION

Holt's motion for preliminary injunction is **DENIED**.

**IT IS SO ORDERED.**

**Date:  December 29, 2011**                    _____
                                                                **IRMA E. GONZALEZ, Chief Judge**
                                                                **United States District Court**