# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY HOLT,<br><br>                             Plaintiff,<br><br>     vs.<br><br>MacARTHUR, Registered Nurse; CALDERON, Registered Nurse; STEWART, Registered Nurse; HUNT, Medical Doctor; SEDEGHI, Medical Doctor also known as Sedighi; SEELY, Medical Doctor; CANLAS, Medical Doctor; and UNKNOWN DOCTORS AND CHIEF MEDICAL OFFICER (CMO) making up Medical Committee, to be named later, upon discovery,<br><br>                             Defendants. | CASE NO. 11-cv-1502 – IEG (CAB)<br><br>ORDER DENYING MOTION FOR DEFAULT JUDGMENT<br><br>[Doc. No. 31] |

Tracey Holt, a state prisoner proceeding pro se, has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 against physicians and staff at the Richard J. Donovan Correctional Facility ("Donovan"), alleging deliberate indifference to his serious medical needs. Currently before the Court is Holt's motion for default judgment, which Holt filed without first obtaining a hearing date from the Court. For the reasons set forth below, the Court **DENIES** the motion.

## BACKGROUND

Holt alleges that he suffers from chronic back and hip pain. Prior to his arrival at Donovan on September 3, 2008, Holt alleges that he was receiving physical therapy twice a week and

1  Tramadol to control his pain. Once at Donovan, the medical staff apparently took Holt off
2  Tramadol, even though Holt told them that he needed it for his medical condition. Instead, Holt
3  was prescribed a series of medications that apparently failed to effectively control his pain.

4  Holt filed the present complaint on July 6, 2011. [Doc. No. 1.] On August 22, 2011, the
5  Court determined that Holt was entitled to proceed *in forma pauperis* and to the United States
6  Marshal service on his behalf. [Doc. No. 4.] On the same day, the Clerk of Court issued the
7  summons as to each Defendant. [Doc. No. 5.] All of Defendants then executed waivers of service,
8  which were filed on the CM/ECF docket on October 17, 2011. [*See* Doc. Nos. 8, 9, 10, 11, 12, 13,
9  14.] Each waiver of service acknowledges that the summons and the complaint were mailed on
10 August 31, 2011. [*See id.*] Each waiver also indicates that it was executed on behalf of each
11 Defendant on October 11, 2011. [*See id.*] The CM/ECF docket includes the following notation by
12 the Clerk of Court next to each waiver: "answer due 12/12/2011." [*See id.*] Apart from the
13 executed waivers of service, no other proof of service has been filed as to any Defendant.

14 On October 27, 2011, Holt filed a motion for leave to file a supplemental complaint, which
15 the Court granted on November 7, 2011. [Doc. Nos. 16, 21.] The supplemental complaint was
16 filed on November 8, 2011, and the summons were issued on the same day. [Doc. Nos. 22, 23.]

17 On December 5, 2011, Holt filed a "Declaration for Entry of Default," asserting that
18 default should be entered against each Defendant for failing to answer or otherwise defend within
19 60 days of August 31, 2011. [Doc. No. 26.] Defendants filed their answer to the complaint on
20 December 12, 2011. [Doc. No. 27.] On December 23, 2011, Holt filed the present motion,
21 seeking an entry of default judgment against each Defendant. [Doc. No. 31.]

22 **DISCUSSION**

23 Holt is not entitled to a default judgment. Pursuant to the Federal Rules of Civil Procedure,
24 an entry of default by the Clerk of Court is a prerequisite to an entry of default judgment. *See* Fed.
25 R. Civ. P. 55(a), (b). In this case, a review of the docket reveals that the Clerk of Court never
26 entered a default against any of Defendants. Holt's own "Declaration for Entry of Default" is
27 insufficient to satisfy the requirements of Rule 55. Accordingly, because there has been no entry
28 of default yet, the Court cannot enter a default judgment in Holt's favor.

Moreover, even if the Clerk of Court should have construed Holt's "Declaration for Entry of Default" as a request to enter default, the Clerk of Court properly did not enter default because Defendants are not in default. A defendant must respond within 21 days after being served with a summons and complaint. Fed. R. Civ. P. 12(a)(1)(A)(i). A defendant who timely waives service under Rule 4(d) has 60 days to respond after the request for a waiver is sent. Fed. R. Civ. P. 12(a)(1)(A)(ii); *see also* Fed. R. Civ. P. 4(d)(3) ("A defendant who, before being served with process, timely returns a waiver need not serve an answer to the complaint until 60 days after the request was sent."). However, when the plaintiff files the waiver of service, proof of service is not required, and the above rules "apply as if a summons and complaint had been served *at the time of filing the waiver.*" Fed. R. Civ. P. 4(d)(4) (emphasis added). In this case, only waivers of service were filed as to each Defendant, without any other proof of service. [*See* Doc. Nos. 8, 9, 10, 11, 12, 13, 14.] Accordingly, Rule 4(d)(4) requires that the Court consider the summons and complaint to have been served "at the time of filing the waiver," which in this case was October 17, 2011. [*See* Doc. Nos. 8, 9, 10, 11, 12, 13, 14.] As such, Defendants' 60-day period to respond did not expire until December 16, 2011. *See* Fed. R. Civ. P. 6(a)(1). Because Defendants filed their answer on December 12, 2011, [*see* Doc. No. 28], they were not in default.

Finally, even if the 60-day period began on August 31, 2011—when the waiver requests were sent—the Court does not believe a default judgment is warranted under the circumstances. In determining whether to enter a default judgment, the Court may consider the following factors: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986). In this case, Defendants' default, if any, was due to excusable neglect because they reasonably relied on the Clerk of Court's notation on the docket that their answer was due on December 12, 2011. On the other hand, there is no indication that Holt was prejudiced by the relatively short 42-day delay. Moreover, Defendants have already filed an answer, and there is a strong preference for deciding cases on the merits. *See*

1  *Eitel*, 782 F.3d at 1472.  Balancing all of these factors, the Court does not believe a default
2  judgment is warranted under the circumstances.  *See id.* at 1471-72.

### CONCLUSION

For the foregoing reasons, Holt's motion for a default judgment is **DENIED**.

**IT IS SO ORDERED.**

**Date:  December 29, 2011**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**