1
2
3
4
5
6
7

8  **UNITED STATES DISTRICT COURT**

9  **SOUTHERN DISTRICT OF CALIFORNIA**

10  TRACY HOLT,                                    CASE NO. 11cv1502-GPC-KSC

11                              Plaintiff,         **ORDER ADOPTING**

12      vs.                                        **MAGISTRATE JUDGE'S REPORT**
                                                   **AND RECOMMENDATION AND**
13                                                 **GRANTING DEFENDANTS'**

14  MACARTHUR, et al.,                             **MOTION TO ENFORCE**
                                                   **SETTLEMENT**
15                              Defendants.
                                                   [Dkt. Nos. 69, 76.]
16

17

18                          <u>**INTRODUCTION**</u>

19       Plaintiff Tracy Holt ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma*

20  *pauperis*, brought the present action against Defendants Akbari, Calderon, Canlas,

21  Hunt, MacArthur, Sedeghi, Seely, and Stewart ("Defendants")[1] under 42 U.S.C.

22  § 1983. (Dkt. No. 1.) On August 27, 2012, the parties reached an oral settlement

23  agreement during a telephonic Mandatory Settlement Conference ("MSC") with the

24  Honorable Karen S. Crawford, United States Magistrate Judge. (Dkt. No. 58.)

25  Defendants filed a Motion to Enforce Settlement on July 31, 2013. (Dkt. No. 69.) The

26  motion was fully briefed. (Dkt. Nos. 70, 72).

27  ─────────────────

28       [1] The Court acknowledges the proper spelling of the names of Defendants
    Sedighi (erroneously sued as Sedeghi), Seeley (erroneously sued as Seely), and
    McArthur (erroneously sued as MacArthur). (<u>See</u> Dkt. No. 69 at 1-2.)

Pursuant to 28 U.S.C. § 636(b)(1), Judge Crawford submitted a report and recommendation ("Report") to this Court on December 17, 2013, recommending Defendants' Motion to Enforce Settlement be **GRANTED**. (Dkt. No. 76.) After careful consideration of the pleadings and briefs submitted by the parties, and for the reasons set forth below, this Court **OVERRULES** Plaintiff's objections, **ADOPTS** Judge Crawford's Report, and **GRANTS** Defendants' Motion to Enforce Settlement.

## BACKGROUND[2]

Plaintiff filed the present civil rights action on July 6, 2011. (Dkt. No. 1.) On August 27, 2012, Plaintiff, Defendants' counsel, and Judge Crawford participated in a telephonic MSC, during which an oral settlement agreement was reached by the parties. (Dkt. No. 58.) Plaintiff agreed to dismiss all claims against Defendants in exchange for the payment of $450 to Plaintiff's father. (Dkt. No. 76 at 2.)[3] After the settlement agreement was reached, Judge Crawford ordered Defendants' counsel to prepare a written settlement agreement and a joint stipulation for dismissal. (Dkt. No. 58.)

On September 25, 2012, Defendants' counsel transmitted to Plaintiff (1) a written settlement agreement and release; (2) a voluntary stipulation to dismiss; and (3) a Payee Data Record form. (Dkt. No. 69-1 at 6-13.) The settlement agreement provided that, pursuant to California Penal Code section 2085.5, which applies to prisoners owing a restitution fine, "all restitution obligations will be taken out of the proceeds of the settlement before the final settlement check is drafted. The remainder of funds after payment of restitution will be payable to plaintiff's father Jim Holt." (Id. at 8.) On September 29, 2012, Plaintiff signed and returned to Defendants' counsel all three documents. (Id. at 15-21.)

After receiving Plaintiff's signed documents, Defendants' counsel realized the

---

[2] Plaintiff did not object to the underlying facts set forth in the Report. Therefore this Court adopts the facts included in the Report *in toto* and references them as if fully set forth herein. The Court has provided only a brief background here.

[3] All references to the docket are to the CM/ECF assigned page numbers.

Payee Data Record form would require the signature of Plaintiff's father if the settlement payment was to be paid to him. (Id. at 23.) Therefore, on October 25, 2012, Defendants' counsel sent Plaintiff a new Payee Data Record form to be signed by Plaintiff's father. (Id. at 23.) Attached to the new form was an amended copy of the settlement agreement, revised to indicate that the $450 would be provided to Plaintiff's father upon his signing of the Payee Data Record form. (Id. at 25.) However, Defendants failed to include the clause regarding the restitution payment mandated under California Penal Code section 2085.5 in this version of the settlement agreement. (Id. at 23-26.) The amended version of the settlement agreement was signed by both parties in November, 2012, (Id. at 34), and Defendants received a Payee Data Record form completed by Plaintiff's father in December 2012. (Id. at 35.)

In or around January 2013, Defendants' counsel inquired with the California Department of Corrections and Rehabilitation ("CDCR") and learned Plaintiff owed a restitution fine for a prior criminal conviction in excess of the settlement amount. (Id. at 37.) Although Plaintiff asserts all of his restitution fines are paid, a "Restitution Search" conducted by Defendants uncovered that Plaintiff owes an outstanding restitution balance of $724.59 for a conviction over 20 years ago. (Dkt. No. 65 at 9.) As a result of Defendants' counsel's inquiry, Defendants requested Plaintiff sign an additional amended settlement agreement, with this version including the clause regarding the mandated restitution payment under California Penal Code section 2085.5. However, this version of the settlement agreement failed to incorporate the clause indicating that any remaining settlement funds would be disbursed to Plaintiff's father and not Plaintiff. (Dkt. No. 69-1 at 39-43.) On May 10, 2013, Plaintiff informed the Court he intended to seek counsel to evaluate this version of the settlement agreement. (Dkt. No. 63.) Nothing in the record indicates Plaintiff has sought or retained counsel.

On July 31, 2013, Defendants filed the present Motion to Enforce Settlement. (Dkt. No. 69.) Defendants assert a settlement was reached in this case during the

1  August 27, 2012, telephonic MSC with Judge Crawford. (Id. at 3.) Plaintiff objects,

2  arguing a binding agreement was never reached by the parties. (Dkt. No. 70 at 4-7.)

3       Judge Crawford issued her Report on Defendants' Motion to Enforce Settlement

4  on December 17, 2013. (Dkt. No. 76.) Upon Plaintiff's request, this Court granted

5  Plaintiff an extension of time to file objections to the Report, (Dkt. No. 78), and

6  Plaintiff's objections were filed nunc pro tunc to January 23, 2014, (Dkt. No. 80).

7  Defendants did not file a response to Plaintiff's objections to the Report.

8  **STANDARD OF REVIEW**

9       The district court's role in reviewing a Magistrate Judge's report and

10  recommendation is set forth in 28 U.S.C. § 636(b)(1). Under this statute, the district

11  court "shall make a de novo determination of those portions of the report . . . to which

12  objection is made," and "may accept, reject, or modify, in whole or in part, the findings

13  or recommendations made by the magistrate judge." Id. When no objections are filed,

14  a district court may assume the correctness of the magistrate judge's findings of fact

15  and decide the motion on the applicable law. Campbell v. U.S. Dist. Court, 501 F.2d

16  196, 206 (9th Cir. 1974); Johnson v. Nelson, 142 F. Supp. 2d 1215, 1217 (S.D. Cal.

17  2001).

18       In addition, "a district court has discretion, but is not required, to consider

19  evidence presented for the first time in a party's objection to a magistrate judge's

20  recommendation." United States v. Howell, 231 F.3d 615, 621 (9th Cir. 2000).

21  **DISCUSSION**

22       Judge Crawford's Report recommends granting Defendants' Motion to

23  Enforce Settlement and denying Plaintiff's arguments that: (1) the parties failed to

24  form a binding agreement; (2) the settlement agreement should be rescinded; and

25  (3) the agreement is unconscionable. (Dkt. No. 76.) Plaintiff filed objections to

26  Judge Crawford's Report; however, Plaintiff did not object specifically to any of the

27  recommendations contained in the Report. (Dkt. No. 80.) Instead, Plaintiff raised for

28  the first time three additional arguments in support of rescinding the settlement

agreement. (Dkt. No. 80.) For the reasons set forth below, this Court **ADOPTS** the recommendations made in Judge Crawford's Report, **OVERRULES** Plaintiff's objections, and **GRANTS** Defendants' motion to enforce the settlement agreement. The Court addresses each of Judge Crawford's recommendations and Plaintiff's three objections in turn.

## I.      Report and Recommendation as to Plaintiff's Claim that the Parties Failed To Form a Binding Agreement

Judge Crawford recommends dismissing Plaintiff's claim that the parties failed to form a binding settlement agreement. (Dkt No. 76 at 13.) Plaintiff did not file a specific objection to this recommendation. (Dkt. No. 80.) To the contrary, Plaintiff implicitly admits to the existence of a binding settlement agreement by requesting "the settlement payment be sent to the CDCR and processed in the normal manner with any balance after the deduction of any amount owing for restitution [being deposited in] Plaintiff's trust account." (Dkt. No. 80 at 2.) In light of Plaintiff's admission to the existence of a settlement agreement, this Court assumes the correctness of Judge Crawford's factual findings and adopts them in full.

The Court has conducted a de novo review, independently reviewing the Report and all relevant papers submitted by both parties, and finds the Report provides a cogent analysis of the issues presented in Defendants' Motion to Enforce Settlement and Plaintiff's objections thereto. Accordingly, the Court **ADOPTS** the recommendation that Plaintiff's claim that the parties failed to form a binding agreement be **DISMISSED**.

## II.     Report and Recommendation as to Plaintiff's Defense of Rescission by Mistake

Judge Crawford recommends dismissing Plaintiff's defense that the settlement agreement be rescinded due to Plaintiff's mistaken belief that he does not owe any outstanding restitution. (Dkt. No. 76 at 20.) Plaintiff did not file a specific objection to this recommendation. (Dkt. No. 80.) As such, this Court assumes the correctness of

1  Judge Crawford's factual findings and adopts them in full.

2      The Court has conducted a de novo review, independently reviewing the Report

3  and all relevant papers submitted by both parties, and finds the Report provides a

4  cogent analysis of the issues presented in Defendants' Motion to Enforce Settlement

5  and Plaintiff's objections thereto. Accordingly, the Court **ADOPTS** the

6  recommendation that Plaintiff's defense of rescission by mistake be **DISMISSED**.

7  **III.  Report and Recommendation as to Plaintiff's Defense of**

8        **Unconscionability**

9      Judge Crawford recommends dismissing Plaintiff's defense that the

10 settlement agreement is unconscionable because of the "almost ten months that

11 Defendants' counsel delayed in accepting and performing the proposed agreement."

12 (Dkt. No. 76 at 20, 22.) Plaintiff did not file an objection to this specific

13 recommendation, but instead argues that Plaintiff was "denied the benefit of the

14 bargain" of the settlement agreement due to "the unreasonable delay of Defendants'

15 counsel in documenting the settlement and performing for over 18 months." (Dkt.

16 No. 80 at 3.)

17     Plaintiff's argument in his objection to Judge Crawford's Report merely

18 reiterates the allegations he raised in his original opposition to Defendants' Motion

19 to Enforce Settlement. This argument was addressed thoroughly in Judge

20 Crawford's Report, and this Court does not find any error in Judge Crawford's

21 analysis of the issues presented in Defendant's Motion to Enforce Settlement and

22 Plaintiff's objections thereto. Therefore, Plaintiff's objection to Judge Crawford's

23 Report is insufficient to rebut Judge Crawford's recommendation that Plaintiff's

24 defense of unconscionability be dismissed. Accordingly, this Court **ADOPTS** the

25 recommendation that Plaintiff's defense of unconscionability be **DISMISSED**.

26 **IV.  Plaintiff's Additional Claims**

27     In addition to the claims discussed above, Plaintiff raised for the first time in his

28 objection to Judge Crawford's Report the additional arguments that (1) Plaintiff

accepted the settlement agreement "almost solely on [the] legal advice given to him by the Honorable Magistrate Judge," (Dkt. No. 80 at 3); (2) Plaintiff has been denied the benefit of the bargain of the settlement agreement due to "the extre[me] effort undertaken by Defendants' counsel of going back to a case over 24 years old to try to further reduce the amount received by Plaintiff," (Dkt. No. 80 at 3-4); and (3) "the position of Defendants' counsel that no amounts will be dispensed to Plaintiff is incorrect" because California Penal Code section 2085.5 provides that only 55-percent of any settlement is subject to restitution, (Dkt. No. 80 at 2-4).

Given Plaintiff's *pro se* and incarcerated status, this Court will consider the issues raised by Plaintiff for the first time in his objections to Judge Crawford's Report. See Jones v. Blanas, 393 F.3d 918, 935 (9th Cir. 2004) (finding district court abused its discretion by failing to consider arguments raised for the first time in an objection to a magistrate judge's findings by a *pro se* plaintiff who was ignorant of the law).

### A.    Plaintiff's Reliance on Judge Crawford's Advice

Plaintiff argues for the first time that Plaintiff agreed to accept the settlement "based almost solely on [the] legal advice given to him by the Honorable Magistrate Judge." (Dkt. No. 80 at 3.) Although not articulated as such, this claim arises to the defense of undue influence. For the reasons set forth below, this Court **DENIES** Plaintiff's defense that the settlement agreement be rescinded due to the undue influence imposed on Plaintiff.

Under California state law, a "party to a contract may rescind the contract . . . [i]f the consent of the party rescinding . . . was obtained through undue influence, exercised by or with the connivance of the party as to whom he rescinds, or of any other party to the contract jointly interested with such party." Cal. Civ. Code § 1689(b)(1). Even if Plaintiff was unduly influenced by Judge Crawford's advice to accept the settlement agreement, Plaintiff's defense of undue influence fails because Judge Crawford is neither a party to the settlement nor jointly interested with a party to the settlement. As indicated in Judge Crawford's Report, and undisputed by Plaintiff until now, Judge

Crawford participated in the August 27, 2012, telephonic MSC as a neutral moderator between the parties. (Dkt. No.76 at 21). Because Judge Crawford participated in the settlement discussions as a neutral moderator and not as a party or as someone jointly interested with a party to the settlement, Plaintiff's defense of undue influence fails. Accordingly, the Court overrules Plaintiff's undue influence objection to Judge Crawford's Report.

### B. Defendants' Counsel's Efforts to Reduce the Settlement Amount

Plaintiff argues for the first time that Defendants' counsel undertook extreme efforts to reduce the settlement amount received by Plaintiff by inquiring into whether Plaintiff owed any outstanding restitution on his current and prior convictions. (Dkt. No. 80 at 3-4.) For the reasons set forth below, the Court overrules Plaintiff's objection.

California Penal Code section 2085.5 mandates that any settlement awarded to an inmate in connection with a civil action brought against a state prison's agents be paid to CDCR to satisfy any outstanding restitution fines against the inmate. Cal. Pen. Code § 2085.5(n). Any balance remaining after the outstanding restitution balances are settled may then be paid to the inmate. Id. Therefore, in this case, where Plaintiff actively chose to bring a civil rights action against the Central Valley Prison's medical staff, Defendants' counsel is required by statute to pay CDCR any outstanding restitution fines against Plaintiff.

Plaintiff has mischaracterized Defendants' counsel's actions. As noted in Judge Crawford's Report, Defendants' counsel inquired with CDCR regarding Plaintiff's outstanding restitution obligations only as part of his due diligence in drafting the settlement agreement in this case. (Dkt. No. 76 at 14.) In addition, as further noted in Judge Crawford's Report, any reduction in the settlement amount paid to Plaintiff provides no beneficial gain for Defendants. Regardless of whether the settlement payment is paid to CDCR or Plaintiff, Defendants must still pay the full amount of $450. (Dkt. No. 76 at 17.) Therefore, Defendants efforts resulted in no reduction of the

actual settlement amount. Furthermore, regardless of whether the settlement amount is paid to Plaintiff directly or as a portion of Plaintiff's outstanding restitution fine, the settlement amount still benefits Plaintiff. Although the settlement payment may seem less desirable to Plaintiff because it cannot be disbursed directly to Plaintiff's trust account, Plaintiff still received the full amount owed to him by Defendants. Therefore, Defendants' counsel's inquiry into any outstanding restitution fines against Plaintiff cannot be viewed as an extreme effort to reduce the settlement awarded to Plaintiff because Plaintiff still received the entire amount of the settlement award, only not in the form he desired most.

**C.      Calculating Payments of Restitution Under Cal. Pen. Code § 2085.5**

Plaintiff further argues for the first time that California Penal Code section 2085.5 requires only 55-percent of Plaintiff's settlement amount be paid to CDCR, with the remaining 45-percent being paid to Plaintiff.

Plaintiff's interpretation of California Penal Code section 2085.5 is incorrect. As discussed above, subsection (n) of the statute indicates that any settlement awarded to an inmate in connection with a civil rights action brought against a state prison's agents shall be paid to CDCR "to satisfy any outstanding restitution orders or restitution fines against that person." Cal. Pen. Code § 2085.5(n). The statute further states "the balance of any award shall be forwarded to the [inmate] after *full* payment of all outstanding restitution orders and restitution fines." Id. (emphasis added). Plaintiff's outstanding restitution exceeds the amount of the settlement. Therefore, under California Penal Code section 2085.5, the full settlement amount awarded to Plaintiff must be paid to CDCR to satisfy Plaintiff's outstanding restitution fine. Accordingly, the Court overrules Plaintiff's California Penal Code section 2085.5 objection to Judge Crawford's Report.

**CONCLUSION AND ORDER**

For the reasons set forth above, the Court hereby **ORDERS**:

1.      Judge Crawford's Report as to Defendants' Motion to Enforce

1    Settlement, (Dkt. No. 76), is **ADOPTED** in its entirety;

2    2.    Plaintiff's claims raised for the first time as objections to Judge

3          Crawford's Report, (Dkt. No. 80), are **OVERRULED**; and

4    3.    Defendant's Motion to Enforce Settlement, (Dkt. No. 69), is

5          **GRANTED**.

6

7    DATED:  March 10, 2014

8

9    HON. GONZALO P. CURIEL
     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 10 -