# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRACY HOLT,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>MACARTHUR, et al.,<br><br>　　　　　　　　　　Defendants. | CASE NO. 11cv1502-GPC-KSC<br><br>**ORDER DISMISSING ACTION WITH PREJUDICE** |

　　　　Plaintiff Tracy Holt ("Plaintiff"), a state prisoner proceeding *pro se* and *in forma pauperis*, brought the present action against Defendants Akbari, Calderon, Canlas, Hunt, MacArthur, Sedeghi, Seely, and Stewart ("Defendants")[1] under 42 U.S.C. § 1983. (Dkt. No. 1.) On August 27, 2012, the parties reached an oral settlement agreement during a telephonic Mandatory Settlement Conference ("MSC") with the Honorable Karen S. Crawford, United States Magistrate Judge. (Dkt. No. 58.) Plaintiff agreed to dismiss all claims against Defendants in exchange for the payment of $450 to Plaintiff's father. (Dkt. No. 76 at 2.)[2] After the settlement agreement was reached, Judge Crawford ordered Defendants' counsel to prepare a written settlement agreement

---

[1] The Court acknowledges the proper spelling of the names of Defendants Sedighi (erroneously sued as Sedeghi), Seeley (erroneously sued as Seely), and McArthur (erroneously sued as MacArthur). (See Dkt. No. 69 at 1-2.)

[2] All references to the docket are to the CM/ECF assigned page numbers.

and a joint stipulation for dismissal. (Dkt. No. 58.)

On September 25, 2012, Defendants' counsel transmitted to Plaintiff (1) a written settlement agreement and release; (2) a voluntary stipulation to dismiss; and (3) a Payee Data Record form. (Dkt. No. 69-1 at 6-13.) The settlement agreement provided that, pursuant to California Penal Code section 2085.5, which applies to prisoners owing a restitution fine, "all restitution obligations will be taken out of the proceeds of the settlement before the final settlement check is drafted. The remainder of funds after payment of restitution will be payable to plaintiff's father Jim Holt." (Id. at 8.) On September 29, 2012, Plaintiff signed and returned to Defendants' counsel all three documents. (Id. at 15-21.) An amended version of the settlement agreement was signed by both parties in November, 2012, (id. at 34), and Defendants received a Payee Data Record form completed by Plaintiff's father in December 2012. (Id. at 35.)

On July 31, 2013, Defendants filed a Motion to Enforce Settlement. (Dkt. No. 69.) This Court granted the motion on March 10, 2014. (Dkt. No. 81.)

Pursuant to the settlement agreement, as enforced by this Court, Plaintiff has released all claims against Defendants and signed a voluntary stipulation to dismiss this action in its entirety, with prejudice. Accordingly the Court hereby **ORDERS**:

1. This action is hereby **DISMISSED WITH PREJUDICE**, in its entirety;
2. Except as set forth in the settlement agreement between the Parties, each party shall bear its own fees and costs; and
3. The Clerk of Court shall enter final judgment and close the case accordingly.

**IT IS SO ORDERED.**

DATED: May 8, 2014

HON. GONZALO P. CURIEL
United States District Judge